UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
MICHAEL GUTTENTAG, STEVEN REEVES, :
on behalf of themselves and all others similarly :
situated, :
                           Plaintiffs, :
                                             :       12 CV 3041 (HB)
   - against - :
                                           :       **OPINION & ORDER**
RUBY TUESDAY, INC., DOE DEFENDANTS, :
                           Defendant. :
-----------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

      Before the Court is Plaintiffs Michael Guttentag and Steven Reeves' (together, "Plaintiffs") motion for conditional certification and court-authorized notice to potential class members pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the reasons set forth below, Plaintiffs' motion is GRANTED.

## Background

      Defendant Ruby Tuesday, Inc. ("Defendant") is a Georgia corporation with its headquarters in Maryville, Tennessee, and Defendant owns and operates approximately 750 Ruby Tuesday restaurants throughout the United States. Compl. ¶ 20. Plaintiff Guttentag is a resident of New York, who was employed by a Ruby Tuesday restaurant in New York as a food runner and bartender, while Plaintiff Reeves is a resident of New York who was employed by a Ruby Tuesday in Florida as a bartender and in New York as a server. *Id.* ¶¶ 17-18. The Complaint alleges that Defendant has a nationwide policy whereby its bartenders, servers, and food runners (collectively "Tipped Employees") are required to work and yet not enter some of the time they worked into Defendant's time-keeping system. *Id.* ¶¶ 1-2. Plaintiffs bring a collective action on behalf of themselves and others similarly situated to recover all unpaid wages pursuant to the FLSA, as well as New York and Florida State Laws. *Id.* ¶¶ 4-5.

      Specifically, Plaintiffs allege that Defendant maintains a strict company-wide labor scheduling system and staffing guidelines that prohibit overtime work and that the employees' hours are carefully monitored from Defendants' headquarters. *Id.* ¶¶ 7-10. As a result of such

1

policies, Tipped Employees are forced to work "off the clock," i.e. before and after their recorded shifts, to complete all of the required tasks set forth in the uniform checklists that are distributed throughout Defendant's restaurants and to which they are required to adhere. *Id.* ¶¶ 41, 44. The instant motion seeks a conditional class certification of the following nationwide class: "All current and former Tipped Employees who have worked for Defendant within the statutory period covered by this Complaint and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b)." *Id.* ¶ 7.

## Discussion

Under the FLSA, an action may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Under the statute's opt-in regime, "No employee shall be a party plaintiff to any such action unless he gives his consent." *Id.* The "similarly situated" standard for collective action certification under the FLSA is "considerably more liberal" than the class action certification standard pursuant to Fed. R. Civ. P. 23. *Romero v. H.B. Auto. Grp., Inc.,* No. 11 Civ. 386, 2012 WL 1514810, at *6 (S.D.N.Y. May 1, 2012).

The district courts in this Circuit adhere to a "two-step method" to determine whether to grant certification for an FLSA collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). "The first step is the notice stage in which the court determines, based on plaintiffs' pleadings and affidavits, whether the plaintiffs and potential opt-in plaintiffs are sufficiently 'similarly situated' to issue notice and allow the case to proceed as a collective action through discovery." *Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). At the initial stage of conditional certification, Plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Although the "modest factual showing" standard cannot be satisfied simply by "unsupported assertions," "it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* at 555. This is because after discovery, as the second step, "[t]he action may be 'de-certified' if the record reveals that they are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.*

Here, the minimal factual burden to support a conditional certification has been met.  For one, Plaintiffs have shown that Defendant maintains uniform job descriptions for all bartenders, servers, and food runners, as well as uniform task checklists for servers, bartenders, and managers, throughout its restaurants. Gonnelli Decl. Exs. 4, 5, 6, 8, 9, 10.   But even more significant is the evidence that Defendant has a companywide policy of prohibiting overtime work, a centralized timekeeping system that allows Defendant to track each restaurant's overtime record, and a uniform bonus policy that applies to all restaurant managers, which considers, among others, the restaurant's labor costs. *Id*. Ex. 14; Ex. 7, at 46-47, 126; Ex.13.  Plaintiffs have also identified Defendant's centralized system of staffing all of its restaurants using the same software program and updating the staffing plans on a quarterly basis at the level of its regional directors, rather than at the level of individual restaurants. *Id*. Ex. 7, at 41, 47.  Lastly, the individual declarations and depositions of Plaintiffs and opt-in Plaintiffs cover the practice of "off the clock" work in eight different restaurants located in four different states.[1] *See* Friedman Decl. ¶¶ 2-4 (Tallahassee, Florida; Times Square, New York); Porter Decl. ¶¶ 2-4 (Syracuse, New York; Times Square, New York); Ciufalo Decl. ¶¶ 2-3, 30-32, 35-39 (Stroudsburg, Pennsylvania; Scranton, Pennsylvania; Lehi Valley, Pennsylvania); *see also* Gonelli Decl. Ex. D (Elizabeth, New Jersey); Ex. B (Bethlehem, Pennsylvania).

Defendant's principal argument against conditional certification is that Plaintiffs' proposed nationwide class is too large and diverse to be certified based on the evidence from too few restaurants, Def.'s Opp'n 14-15, as Defendant has employed 115,009 individuals during the three-year period preceding this lawsuit in 710 restaurants in 39 states, Prunty Decl. ¶¶ 3-4. Courts in this district, however, grant conditional certification under the FLSA based on the "minimal burden" standard notwithstanding the nationwide class size. *See, e.g.*, *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 404 (S.D.N.Y. 2012) (granting conditional certification of a nationwide class and noting that "[o]ther courts have found plaintiffs to be similarly situated when they made common allegations that dual-edged policies [of limiting overtime and imposing a sales quota] . . . effectively required them to work uncompensated overtime") (citing cases); *Raimundi v. Astellas U.S. LLC*, No. 10 Civ. 5240, 2011 WL 5117030, at *1 (S.D.N.Y. Oct. 27, 2011) (granting conditional certification of a nationwide class on the ground that "representatives

---

[1] I observe that "courts in this Circuit regularly rely on [hearsay] evidence to determine the propriety of sending a collective action notice." *Hamadou v. Hess Corp.*, 12 Civ. 0250, 2013 WL 164009, at *11 (S.D.N.Y. Jan. 16, 2013) (quoting *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011)).

3

nationwide held the same general job description and were exempt from overtime pay"). Indeed, when courts deny conditional certification of a nationwide class, they do so because the plaintiffs have made no factual showing of a nationwide policy that is relevant to their allegations. *See, e.g.*, *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 800 (S.D.N.Y. 2012), *adopted*, No. 09 Civ. 9575, 2012 WL 2588771 (S.D.N.Y. July 2, 2012) (denying conditional certification because there was "no evidence . . . that could plausibly lead to the inference that ASMs nationwide are performing non-exempt tasks" besides the testimonies of five employees in New York City stores); *Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 321 (E.D.N.Y. 2012) (denying conditional certification because "[t]he Plaintiff's sole submission in support of the existence of a common de-facto policy requiring [the assistant store managers] to perform non-exempt tasks is the Plaintiff's own deposition testimony, discussing his own personal experience"). As discussed above, Plaintiffs' declarations and depositions cover at least eight store locations in four states. But more importantly, such evidence is complemented by both documentary evidence and depositions that support Plaintiffs' contention that Defendant has a nationwide policy that at least is reticent to pay for overtime work by its employees, as well as a centralized staffing and labor budget management system. At this stage, nothing more is required.

As for Defendant's remaining arguments,[2] they go to the merits of the case. The actual impact of Defendant's nationwide policies on overtime work, labor budget, and staffing will necessarily involve detailed factual disputes. *See Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) ("To the extent that Defendants opposition relies on a detailed factual dispute about whether the Defendants maintain an 'illegal off-the clock' policy, 'illegal tip retention' policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case.") (citing cases). The credibility of Plaintiffs' testimonial evidence in light of Defendant's formal wage and hour compliance policy too is not an issue to be addressed at this point in the litigation. *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265,

---

[2] In granting conditional certification, I did not consider Plaintiffs' evidence about tip credit and thus I need not address Defendant's argument about the impropriety of raising tip credit violation for the first time in this motion, as opposed to the Complaint. Nonetheless, I note that another court in this district has held, "Because the gravamen of a tip credit violation is that the employee's wage fell below the statutory minimum as a result of the employer's unlawful taking of the tip credit, the Second Amended Complaint [alleging minimum wage violation under the FLSA and the New York state law] was sufficient to put the defendants on notice of the plaintiffs' tip credit claims." *Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 171 (S.D.N.Y. 2011).

269 (S.D.N.Y. 2012) (observing that to grant conditional certification, courts neither "weigh the merits of the plaintiff's underlying claims" nor "resolve factual disputes or evaluate credibility").

## Conclusion

I have considered the parties' remaining arguments and find them to be without merit. Not having heard back from the parties since yesterday's phone conference, I have GRANTED Plaintiffs' motion for conditional certification of a nationwide class. My hope is that this will expedite my approval of your proposed notice at our conference scheduled on Thursday, June 13, 2013, at noon. The Clerk of the Court is directed to close the open motion and remove it from my docket.

**SO ORDERED**
June 11, 2013
New York, New York

_____
Hon. Harold Baer, Jr.
U.S.D.J.